JUSTICE COMPTON,
dissenting in part.
I agree that the trial court correctly granted the motion to strike the evidence regarding defendant Woolfolk Properties, Inc. I do not agree, however, that the trial court erred by allowing evidence regarding the absence of similar accidents at the curb area prior to plaintiff’s fall.
This case is controlled by Sykes v. Norfolk & W. Ry. Co., 200 Va. 559, 564-65, 106 S.E.2d 746, 751 (1959). The majority’s argument attempting to distinguish Sykes from the present case is unpersuasive.
Sykes stands for the proposition that when a plaintiff presents evidence of a contemplated change by the defendant in the conditions at the accident scene, in an effort to show notice of a defective condition, evidence of the absence of prior accidents at the scene becomes relevant and admissible for the limited purpose of showing the lack of notice. This is precisely the situation in the present case, and the trial court correctly so ruled.
Consequently, I would affirm the judgment below in all respects.